UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID HOLLETT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MIKE WINWARD, et al.,<br><br>　　　　　　Defendants. | Case No. 3:22-cv-00329-MMD-CSD<br><br>ORDER |

　　　　This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. (ECF No. 1-1). On September 22, 2022, the Court screened the complaint and found that it stated a colorable Eighth Amendment claim for failure to protect. (ECF No. 5 at 6). Thus, the Court imposed a 90-day stay and referred the case to the Inmate Early Mediation Program. (*Id.*).

　　　　Now before the Court is Plaintiff's ex parte motion for appointment of counsel. (ECF No. 9.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, courts appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

　　　　Here, Plaintiff has failed to show that exceptional circumstances warrant the appointment of counsel at this time. Plaintiff's allegations are not especially complex. He raises a single Eighth Amendment claim based on prison officials' failure to protect him from his cellmate, who allegedly abused him throughout 2021. (ECF No. 5 at 5.) Moreover, although Plaintiff states that he has "limited education" and is 75 years old, his filings in this action show that he is able to cogently articulate his claims and engage in

1

the litigation process. (ECF No. 9.) Thus, the Court denies the motion for appointment of counsel without prejudice.[1]

The Court notes that several recent filings in this case have been returned as undeliverable with notes that Plaintiff was transferred from Ely State Prison to High Desert State Prison. (ECF Nos. 8, 10.) Pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1. This Court grants Plaintiff 30 days from the date of entry of this order to file his updated address with this Court. If Plaintiff does not update the Court with his current address within 30 days from the date of entry of this order, this case will be subject to dismissal without prejudice.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's ex parte motion for appointment of counsel (ECF No. 9) is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall file his updated address with the Court within 30 days from the date of this order.

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice.

DATED: October 28, 2022.



UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that Plaintiff filed his motion in violation of the 90-day stay entered in this case. In its screening order, the Court explained that "[d]uring th[e] 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case." (ECF No. 5 at 6.) Plaintiff must refrain from submitting any additional filings while the stay is in place.