1
2
3                          UNITED STATES DISTRICT COURT

4                                 DISTRICT OF NEVADA

5                                          * * *

6    DAVID HOLLETT,                              Case No. 3:22-cv-00329-MMD-CSD

7                                 Plaintiff,                  ORDER

8         v.

     MIKE WINWARD, *et al.*,
9
                                 Defendants.
10

11          *Pro se* Plaintiff David Hollett, who is currently incarcerated at High Desert State

12   Prison, brings an Eighth Amendment failure to protect action under 42 U.S.C. § 1983

13   against Robert Dugan and James Underwood ("Defendants").[1] (ECF Nos. 1-1, 6.)

14   Defendants filed a motion for summary judgment. (ECF No. 31 ("Motion")). Before the

15   Court is the Report and Recommendation ("R&R") of United States Magistrate Judge

16   Craig S. Denney, recommending that the Motion be granted. (ECF No. 34.) Hollett has

17   not filed an objection to the R&R. The Court will adopt the R&R in full.

18          Because there is no objection, the Court need not conduct *de novo* review, and is

19   satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328

20   F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

21   recommendations is required if, but *only* if, one or both parties file objections to the

22   findings and recommendations.").

23          Defendants first challenge Hollett's claims as not yet exhausted. The Prison

24   Litigation Reform Act ("PLRA") provides that inmates cannot bring actions challenging

25   prison conditions under federal law "until such administrative remedies as are available

26   are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion requires that a grievant "use all

27

28          [1]Named defendant Mike Winward was dismissed from this action with prejudice
     during the screening of Hollett's complaint. (ECF No. 5.)

steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). In Nevada, inmates must advance through each available level of grievance processing under Nevada Department of Corrections' Administrative Regulation (AR) 740. (ECF No. 31-4.) *See also* NRS § 209.243.

This action arises from Hollett's allegations that a cellmate of his "extorted, threatened, robbed, and physically abused" him and that Defendants failed to protect him from this abuse by giving them separate living arrangements. (ECF No. 6 at 2-3.) Defendants submitted Hollett's entire inmate grievance history, and there is no evidence that Hollett ever filed a grievance about abuse from his cellmate Winward or any other grievance against Dugan or Underwood. (ECF No. 31-3.) In the six months since Defendants submitted Hollett's grievance history with their Motion, Hollett has not filed a response to show that he did file such a grievance or was unable to file a grievance. Thus, there is no dispute as to this material fact. *See Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020) ("A grant of summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The Court is satisfied that Judge Denney did not clearly err in finding that Hollett did not exhaust the AR 740 grievance procedures or in recommending that the Court grant summary judgment in Defendants' favor on the grounds of exhaustion.

It is therefore ordered that Judge Denney's R&R (ECF No. 34) is accepted and adopted in full as to Defendants' motion for summary judgment (ECF No. 31).

It is further ordered that Defendants' motion for summary judgment (ECF No. 31) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 16th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE